**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Cota,<br><br>  Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>  Defendants. | No. CV-18-02535-PHX-RM<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 18.) Plaintiff Emily Cota filed a combined Response and Motion to Amend Complaint, to which Defendants have responded. (Docs. 21, 22.) The motions are suitable for determination without oral argument.

**I.   Background**

The Complaint contains the following allegations: on August 30, 2016, Plaintiff Emily Cota took the day off work to get together with family and mourn the death of her uncle, who had passed on August 29. (Doc. 1, ¶¶ 12–13.) Plaintiff spent the night at her grandmother's house in West Mesa and was there at approximately 10:50 p.m. (*Id.*)

On the same day and time, at the intersection of Power Road and Apache Trail, Deputy A. Bratt observed a Ford Mustang with a Texas license plate registered to a Ford truck. (*Id.* ¶ 14.) There were four people in the vehicle: a female driver, a male front-seat passenger, and two female backseat passengers. (*Id.* ¶ 15.) Deputy Bratt followed the Mustang to a nearby Circle K and asked for the license and registration from the female

driver. (*Id.*) Deputy Fortner ran a warrant check on the driver and male passenger, while Deputy Bratt spoke to the backseat passengers. (*Id.*)

Deputy Bratt had both backseat passengers exit the Mustang and asked if either had marijuana on them. (*Id.* ¶ 16.) Both initially said no. (*Id.*) Subsequently, one of the backseat passengers, who later claimed to be Emily Cota, admitted to having a marijuana pipe in her purse. (*Id.*) The female claiming to be Emily Cota showed Deputy Bratt the marijuana pipe, and Deputy Bratt detained her in the back of his patrol car. (*Id.* ¶ 17.) Neither backseat passenger had identification, so Deputy Fortner and Deputy Bratt ran the names provided by the females and compared their physical appearances to images recorded with the Arizona Motor Vehicle Division ("MVD"). (*Id.*) Based on the comparison, the deputies determined that both females had provided false information. (*Id.* ¶ 18.)

Deputy Bratt asked the female claiming to be Emily Cota to provide a home address. (*Id.* ¶ 20.) The address provided did not match the information in the MVD profile. (*Id.*) Deputy Bratt asked for an address a second time. (*Id.* ¶ 21.) The female claiming to be Emily Cota then stated she lived with the other occupants of the vehicle at 580 W. Galveston Road, Chandler, Arizona. (*Id.*) The other occupants of the vehicle provided their addresses, none of which were the Galveston Road address. (*Id.* ¶ 22.)

None of the four individuals were booked or fingerprinted to verify their identities. (*Id.* ¶ 23.) Deputy Bratt and Deputy Fortner submitted charges against Plaintiff based upon the information provided by the female claiming to be Emily Cota. (*Id.* ¶ 24.) The case was submitted to the Maricopa County Attorney's Office and, on February 8, 2017, a summons was issued. (*Id.* ¶ 26.) On February 21, 2017, the summons was returned as non-deliverable. (*Id.* ¶ 27.) On March 10, 2017, an arrest warrant for Plaintiff was issued. (*Id.* ¶ 28.)

Sometime in November 2017, Plaintiff learned there was an outstanding warrant for her arrest. (*Id.* ¶ 29.) On December 21, 2017, Plaintiff's counsel filed a notice of appearance and moved to quash the warrant. (*Id.* ¶ 30.) On January 8, 2018, Plaintiff

appeared for her initial appearance and was released on her own recognizance. (*Id.* ¶ 31.) On February 7, 2018, following the presentation of evidence, a Maricopa County court dismissed the case against Plaintiff without prejudice. (*Id.* ¶ 32.)

Plaintiff names as Defendants Deputy Bratt, Deputy Fortner, Maricopa County Sheriff Paul Penzone, and the Maricopa County Sheriff's Office. She alleges seven claims, each claim against all Defendants. She alleges three claims under 42 U.S.C. § 1983: one for abuse of process, malicious prosecution, and failure to train (Count I), one for violation of substantive due process (Count II), and one for violation of equal protection (Count III). She also alleges state-law claims for abuse of process and malicious prosecution (Count IV), intentional infliction of emotional distress (Count V), gross negligence and negligent supervision (Count VI), and false arrest and imprisonment (Count VIII).[1]

## II. Standard of Review

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), *as amended*. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint's "non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

[1] The Complaint skips Roman numeral "VII."

- 3 -

A court evaluating a motion to dismiss must view the allegations of a complaint "in the light most favorable to the plaintiff." *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). All well-pleaded factual allegations of the complaint must be accepted as true, although the same does not apply to legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

## III. Discussion

### A. Maricopa County Sheriff's Office

The Maricopa County Sheriff's Office will be dismissed because it is a nonjural entity that is incapable of being sued. *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010).

### B. Sheriff Penzone

Plaintiff has failed to state a § 1983 claim against Sheriff Penzone. "A supervisory official is liable under § 1983 so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018)). There is no *respondeat superior* liability for § 1983 claims. *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)).

Plaintiff makes no attempt to defend her § 1983 claims against Sheriff Penzone. Furthermore, Plaintiff fails to allege that Sheriff Penzone did any act at all, much less an act that violated her constitutional rights. At most, Plaintiff alleges that Deputy Bratt and Deputy Fortner conducted an inadequate investigation. By itself, that fact does not support an inference that Sheriff Penzone failed to adequately train or supervise the deputies, or that the deputies were acting pursuant to an unconstitutional policy or practice enacted by Sheriff Penzone. *See City of Canton v. Harris*, 489 U.S. 378, 390–91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability [on the supervisor], for the officer's shortcomings may have resulted from factors other

than a faulty training program."). Plaintiff's § 1983 claims against Sheriff Penzone for failure to train, abuse of process, and malicious prosecution (Count I), violation of substantive due process (Count II), and violation of equal protection (Count III) impermissibly rest on a *respondeat superior* theory. These claims will be dismissed, as will Plaintiff's state-law claim for negligent supervision (Count VI).[2]

### C. Abuse of Process & Malicious Prosecution[3]

Plaintiff has failed to state a § 1983 claim for abuse of process. The elements of abuse of process under Arizona law are "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings."[4] *Fappani v. Bratton*, 407 P.3d 78, 81 (Ariz. Ct. App. 2017) (quoting *Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982)). An improper purpose can be shown by demonstrating "that the process has been used primarily to accomplish a purpose for which the process was not designed." *Nienstedt*, 651 P.2d at 881. Here, Plaintiff does not allege facts showing that the deputies submitted charges for an improper purpose. That the deputies did not investigate further after failing to identify the female does not by itself suggest they acted with an improper purpose.

Plaintiff contends that she has stated a claim because she has evidence that, prior to issuing a citation, the deputies found identification in the vehicle showing that the female claiming to be Emily Cota was in fact Tania Hernandez. This allegation was not included

---

[2] Negligent supervision is a form of direct liability. *See Humana Hosp. Desert Valley v. Maricopa Cty. Superior Court*, 742 P.2d 1382, 1386 (Ariz. Ct. App. 1987). Therefore, the lack of factual allegations against Sheriff Penzone is fatal to that claim. Plaintiff's other state-law claims will remain pending against Sheriff Penzone, however, because Arizona law (unlike federal law) provides that a supervisor may be vicariously liable for an employee's wrongful conduct. *See Wiggs v. City of Phoenix*, 10 P.3d 625, 627–28 (Ariz. 2000).

[3] Plaintiff purports to bring "malicious *and selective* prosecution" claims. However, Plaintiff's allegations in no way implicate a theory of selective prosecution. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004) (explaining that a selective-prosecution claim requires proof that the plaintiff was prosecuted under a facially neutral law in a discriminatory manner). The Court therefore construes the Complaint as alleging only malicious prosecution.

[4] In order for an abuse-of-process theory to support a § 1983 claim, the plaintiff must also allege that the defendant's conduct was done for the purpose of denying the plaintiff a "specific constitutional right." *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion); *Sexton v. Chino Valley Indep. Fire Dist.*, 7 Fed. App'x 660, 662 (9th Cir. 2001).

in the Complaint, however, and thus may not be considered.[5] *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (stating general rule that "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion" (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994))). Next, Plaintiff contends that because law enforcement has various tools to verify people's identities (e.g., fingerprinting), the submission of charges without first utilizing those tools "obviously would be an abuse of process." This argument rests on a flawed assumption: that an officer who inadequately investigates a crime is necessarily acting with an ulterior, improper purpose. Whether or not the deputies could have completed a more thorough investigation, the submission of charges against an individual who illegally possessed paraphernalia, without more, is not a use of the judicial process "so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure." *Nienstedt*, 651 P.2d at 882.

Plaintiff has also failed to state a § 1983 claim for malicious prosecution. This claim requires a criminal prosecution "actuated by malice."[6] *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975) (citing *Overson v. Lynch*, 317 P.2d 948, 949 (Ariz. 1957)). Malice exists when the defendant "further[s] some charge of crime from base and improper motives; that is, from some motive other than a desire to have the laws enforced, crime suppressed, and the guilty brought to justice." *Leeker v. Ybanez*, 211 P. 864, 865 (Ariz. 1923). As explained above, Plaintiff fails to allege facts supporting an inference that the deputies acted with a purpose other than enforcement of the law. Plaintiff's assertion that the deputies acted "with malice and/or with improper and unconstitutional motives" merely restates the element and thus does not alter this conclusion. *See Twombly*, 550 U.S. at 555 (explaining that "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim).

---

[5] It should be noted that Plaintiff contradicts herself by alleging that "[n]either female had identification."

[6] For a malicious-prosecution theory to support a § 1983 claim, the plaintiff must also allege that the defendant's conduct was done for the purpose of denying the plaintiff a "specific constitutional right." *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

Plaintiff's § 1983 claims for abuse of process and malicious prosecution (Count I) will be dismissed. Plaintiff's state-law claims for abuse of process and malicious prosecution (Count IV) will also be dismissed.

### D. Substantive Due Process & Equal Protection

Plaintiff has failed to state a § 1983 claim based on the denial of substantive due process. She alleges that Defendants violated 18 U.S.C. § 242, which makes it a crime for state actors to deprive any person of constitutional rights "on account of such person being an alien, or by reason of his color, or race." Assuming that a violation of § 242 is sufficient to establish a substantive due process claim,[7] Plaintiff's claim nevertheless fails. She does not allege that she is an alien or a particular color or race, or that the deputies submitted charges against her based on one of those characteristics. Consequently, her § 1983 claim for violation of substantive due process (Count II) will be dismissed.

Plaintiff has also failed to state a § 1983 claim based on the denial of equal protection to her "class of one." "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [defendant] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). The plaintiff "must show that the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act.'" *Id.* (quoting *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001) (per curiam)). Plaintiff's assertion that the deputies treated her "different from others similarly situated" is not supported by the Complaint. It is not clear, for instance, which individuals are similarly situated to Plaintiff. Furthermore, there are no allegations supporting an inference that the deputies intentionally discriminated against Plaintiff, or that the deputies had ever encountered Plaintiff prior to the traffic stop. Thus, her § 1983 claim for violation of equal protection (Count III) will be dismissed.

---

[7] "To constitute a violation of substantive due process, the alleged deprivation must 'shock the conscience and offend the community's sense of fair play and decency.'" *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013) (quoting *Marsh v. County of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012)).

### E. State-Law Claims[8]

Plaintiff has failed to state a claim for intentional infliction of emotional distress. This claim requires proof that (1) the defendant engaged in "extreme" and "outrageous" conduct (2) with intent to cause emotional distress or reckless disregard that emotional distress will occur, and (3) the plaintiff suffers severe emotional distress. *McKee v. Arizona*, 388 P.3d 14, 20 (Ariz. Ct. App. 2016) (citations omitted). The trial court must initially determine whether the alleged conduct meets the "high standard" for outrageous conduct. *Johnson v. McDonald*, 3 P.3d 1075, 1080 (Ariz. Ct. App. 1999). Here, the deputies' alleged conduct cannot be described as "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. Ct. App. 1969)).

Plaintiff has also failed to state a claim for gross negligence. In addition to the four elements of a negligence claim,[9] a claim for gross negligence requires a showing of "[g]ross, willful, or wanton conduct." *Noriega v. Town of Miami*, 407 P.3d 92, 98 (Ariz. Ct. App. 2017) (quoting *Armenta v. City of Casa Grande*, 71 P.3d 359, 364 (Ariz. Ct. App. 2003)). Conduct is grossly negligent if "[i]t is flagrant and evinces a lawless and destructive spirit." *Cullison v. City of Peoria*, 584 P.2d 1156, 1160 (Ariz. 1978) (citations omitted). For the reasons given above, nor can the deputies' alleged conduct be

---

[8] Having dismissed all of Plaintiff's federal-law claims, the Court could decline to exercise supplemental jurisdiction over her state-law claims. 28 U.S.C. § 1367(c)(3). However, because Plaintiff will be given leave to amend the Complaint, the Court will determine whether Plaintiff has adequately pleaded her state-law claims. Plaintiff is advised, though, that if she fails to state a federal-law claim in her amended complaint, the Court will decline to exercise supplemental jurisdiction over her state-law claims. *See Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims." (citing § 1367(c)(3))); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (citation omitted)).

[9] Negligence requires (1) a duty of care; (2) a breach of the duty by the defendant; (3) a causal connection between the breach and the plaintiff's injury; and (4) damages. *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (citing *Ontiveros v. Borak*, 667 P.2d 200, 204 (Ariz. 1983)).

characterized as grossly negligent.

Finally, Plaintiff has failed to state a claim for false arrest and imprisonment. "The essential element necessary to constitute either false arrest or false imprisonment is unlawful detention. A detention which occurs pursuant to legal authority, such as a valid warrant, is not an unlawful detention." *Slade*, 541 P.2d at 552 (citing *Catrone v. 105 Casino Corp.*, 414 P.2d 106 (Nev. 1966)). Accepting Plaintiff's allegations as true, the officers had probable cause to believe that the female claiming to be Emily Cota had committed a crime, as she admitted to the possession of drug paraphernalia. *See Reams v. City of Tucson*, 701 P.2d 598, 601 (Ariz. Ct. App. 1985) (stating that probable cause exists if officer has reasonable grounds to believe a crime was committed and that a particular person committed it). Probable cause is a defense to a claim of false arrest or imprisonment. *Slade*, 541 P.2d at 552–53. That the deputies may have discovered the suspect's true identity with further investigation does not defeat a finding of probable cause. *See id.* (finding officer had probable cause to arrest plaintiff although further investigation would have revealed plaintiff committed no crime).

Accordingly, Plaintiff's state-law claims for intentional infliction of emotional distress, gross negligence, and false arrest and imprisonment will be dismissed.

### F. Leave to Amend

"In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Complaint's primary defect is a lack of factual allegations. Thus, Plaintiff will be given leave to amend.[10] Failure to support her claims with factual allegations may result in dismissal of the amended complaint without leave to amend.

Defendants raise one other issue: that Deputy Bratt and Deputy Fortner are entitled

---

[10] The Motion to Amend, which seeks only to add a state-law defamation claim, will be denied as moot because Plaintiff is being given leave to amend in connection with the granting of the Motion to Dismiss. Plaintiff may add whatever claims she desires in her amended complaint.

to qualified immunity. The Court will reserve ruling on this issue until an amended complaint is filed. *See Broam v. Bogan*, 320 F.3d 1023, 1032–34 (9th Cir. 2003) (noting that officers who ignore evidence negating probable cause are not entitled to qualified immunity and concluding that plaintiffs could possibly amend their complaint to state valid constitutional claims).

**IT IS ORDERED:**

1. The Motion to Dismiss (Doc. 18) is **granted**. The Maricopa County Sheriff's Office is **dismissed with prejudice**. The Complaint (Doc. 1) is **dismissed with leave to amend**. Plaintiff shall file her first amended complaint within **14 days** of the date this Order is docketed.

2. The Motion to Amend (Doc. 21) is **denied as moot**.

Dated this 30th day of January, 2019.

_____
Honorable Rosemary Márquez
United States District Judge